UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 16-25313-CIV-MORENO**

MINISTERIO EVANGELISTICO
INTERNATIONAL,

        Plaintiff,

vs.

UNITED SPECIALTY INSURANCE
COMPANY,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

### I. BACKGROUND

This case is an insurance breach of contract claim by Ministerio Evangelistico International against its insurer, United Specialty Insurance Company, to recover damages to its property allegedly covered by the policy. The parties disagree on the amount of alleged property damage. United removed the case to federal court based on diversity jurisdiction. There is no dispute that the parties are of diverse citizenship. The only jurisdictional issue is whether the amount-in-controversy requirement has been satisfied. This cause comes before the Court upon Ministerio's Motion for Remand.

### II. LEGAL STANDARD

The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Courts should strictly construe the requirements of 28 U.S.C. §1441 (removal jurisdiction) and remand all cases in which such jurisdiction is doubtful. *Shamrock Oil & Gas*

*Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Moreover, removal statutes are construed narrowly, and when the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

### III. ANALYSIS

United properly removed this case to federal court. Where, as here, plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000). "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

In this case, it is not facially apparent from Ministerio's complaint that the amount in controversy exceeds $75,000. Thus, this Court looks to United's notice of removal, which presents an estimate of repairs provided by Ministerio in response to requests for production. The repair estimate totals $104,362.35, and Ministerio's discovery responses indicate that this estimate reflects the amount of damages being claimed. This evidence alone satisfies United's burden. However, United also provides other evidence that the amount-in-controversy requirement is met. According to United, it served a request for admission seeking an admission that Ministerio is seeking damages in excess of $75,000. Just before United removed the case to federal court, Ministerio responded that it "[c]annot admit or deny as phrased." Ministerio's refusal to stipulate the actual amount of damages at the time of removal does not, standing alone,

support jurisdiction. *See id.* at 1320. But, a plaintiff's refusal to stipulate or admit to damages below the jurisdictional amount should be considered when assessing the amount in controversy. *See Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009). Therefore, Ministerio's refusal to stipulate to damages less than or equal to $75,000 strengthens United's already strong support for removal.

Ministerio does not provide any contrary evidence to prevent removal. In its motion to remand, Ministerio states: "at the time this case was removed, [it] had already stipulated that the damages pursuant to contract in this action would not exceed [$75,000]." This assertion is simply false. This case was removed on December 22, 2016. On January 3, 2017, Ministerio's counsel wrote a letter to United's counsel stating: "In exchange for [United]'s agreement to remand this action [Ministerio] is willing to stipulate to a cap of $75,000 for all indemnity damages." Clearly, Ministerio had not stipulated to damages ***at the time of removal***.

Further, Ministerio's reliance on *Williams* is misguided. In its motion to remand, Ministerio states: "In *Williams v. Best Buy Co.*, a federal court chose that remand was proper when it was not apparent from the face of the complaint that the $75,000 threshold for removal based on diversity was satisfied." However, the "remand" discussed in *Williams* was a remand from the Eleventh Circuit back to the federal district court "for the limited purposes of developing the record and making findings of fact with regard to the amount in controversy at the time of removal." *See* 269 F.3d at 1321. It was not, as Ministerio may have been suggesting, a remand from federal to state court. In *Williams*, the sole evidence of the amount in controversy defendant provided in its notice of removal was plaintiff's refusal to stipulate that her claims did not exceed $75,000. The Eleventh Circuit determined that more evidence was needed to support

-4-

jurisdiction. Here, United has provided strong evidence indicating that the amount in controversy is well over the jurisdictional threshold. Therefore, *Williams* is inapposite.

United has met its burden in proving by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal. Accordingly, the Court **DENIES** Ministerio's motion to remand.

### IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Ministerio's Motion to Remand is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th of March 2017.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record