UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 16-25313-CIV-MORENO**

MINISTERIO EVANGELISTICO
INTERNATIONAL,

       Plaintiff,

vs.

UNITED SPECIALTY INSURANCE
COMPANY,

       Defendant.
_____/

## **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNT 3**

This case is an insurance breach of contract claim by Ministerio Evangelistico International against its insurer, United Specialty Insurance Company, to recover for water damage to its property allegedly covered by the policy. Ministerio owns a church that incurred water damage from a leaky roof. Ministerio and United dispute the policy's coverage of the property damage. Ministerio brings two counts: (1) breach of contract and (2) declaratory relief. This cause comes before this Court upon United's Motion to Dismiss Count 3.[1]

### I.    **BACKGROUND**

This action began in state court on December 22, 2015, when Ministerio filed a three-count complaint for: (1) breach of contract; (2) willful tortious breach of Fla. Stat. § 624.155 (bad faith); and (3) declaratory relief. In state court, United moved to dismiss Counts 2 and 3. The state court granted United's motion to dismiss both counts "with leave to amend to include specific policy provisions that [Ministerio] claims [are] ambiguous." On November 3, 2016,

---

[1] There is no Count 2, which explains why the count for declaratory relief is Count 3.

Ministerio filed an amended two-count complaint, including only breach of contract and declaratory relief. On December 22, 2016, United removed the case to this Court after Ministerio first indicated that the amount in controversy exceeded $75,000.[2]

## II.   **LEGAL STANDARD**

This Court has subject matter jurisdiction based on the parties' diversity of citizenship. In a diversity case, federal courts apply federal law to procedural matters and apply the law of the forum state to substantive matters. *See Coccaro v. GEICO Gen. Ins. Co.*, 648 Fed. App'x 876, 880 (11th Cir. 2016) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Florida's Declaratory Judgment Act is a procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantive rights. *Id.* Because declaratory relief presents a procedural issue, this Court construes Ministerio's claim for declaratory relief under the federal Declaratory Judgment Act, 28 U.S.C. § 2201.

The federal Act grants federal courts discretion to decide whether to issue declaratory relief. 28 U.S.C. § 2201(a) ("In an actual controversy within its jurisdiction...any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration.") (emphasis added). "The point of a declaratory judgment is to permit 'actual controversies to be settled before they ripen into violations of law,' not to adjudicate past conduct." *Great Lakes Reinsurance (UK) PLC v. TLU Ltd.*, No. 07-61259, 2008 U.S. Dist. LEXIS 24318, at *5 (S.D. Fla. Mar. 27, 2008).

"An order on a motion to dismiss a petition for declaratory judgment should not reach the merits of the suit, but should only determine the question of whether or not the plaintiff is entitled to a declaration of rights." *Tobon v. Am. Sec. Ins. Co.*, No. 06-61912, 2007 U.S. Dist.

---

[2] This Court already has determined that removal was proper. (See D.E. 10).

LEXIS 44589, at *7 (S.D. Fla. June 20, 2007). Moreover, "[a] court must dismiss a claim for declaratory judgment if it is duplicative of a claim for breach of contract and, in effect, seeks adjudication on the merits of the breach of contract claim." *Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co.*, No. 11-21163, 2012 U.S. Dist. LEXIS 57041, at *5 (S.D. Fla. Apr. 24, 2012). *See also Fernando Grinberg Trust Success Int'l Props. LLC v. Scottsdale Ins. Co.*, No. 10-20448, 2010 U.S. Dist. LEXIS 69229, at *3 (S.D. Fla. June 21, 2010) ("[A] trial court should not entertain an action for declaratory judgment on issues which are properly raised in other counts of the pleadings and already before the court, through which the plaintiff will be able to secure full, adequate and complete relief.") (quoting *McIntosh v. Harbour Club Villas*, 468 So. 2d 1075, 1080-81 (Fla. Dist. Ct. App. 1985)). "Questions regarding whether a contract was adequately performed [are] unrelated to the purpose behind the Declaratory Judgment Act. *Eisenberg v. Standard Ins. Co.*, No. 09-80199, 2009 U.S. Dist. LEXIS 99663, at *6 (S.D. Fla. Oct. 26, 2009).

### III. ANALYSIS

United argues that the declaratory relief claim should be dismissed for three reasons: (1) it is duplicative and will be resolved by the breach of contract claim; (2) it is vague and fails to allege a present need for a declaration; and (3) it is improper because it seeks a declaration regarding the amount of damages and not whether there is coverage. In response, Ministerio recites the standards for declaratory relief, but does not challenge United's arguments or cite authority that indicates the declaratory relief claim should be allowed to proceed.

Citing no less than eight supporting cases from the Southern District of Florida, United first argues that the declaratory relief claim should be dismissed because it is duplicative and will be resolved by the breach of contract claim. This Court agrees. If the determination of Ministerio's breach of contract claim involves the same factual dispute as the declaratory relief

claim, then Ministerio "will be able to secure full, adequate and complete relief through the breach of contract claim" and consequently "the declaratory action must be dismissed." *See Fernando Grinberg*, 2010 U.S. Dist. LEXIS 69229, at *4.

Ministerio's breach of contract claim alleges that United "breached the contract by failing to fully cover and pay for the damage and/or loss to [Ministerio]'s property." The declaratory relief claim asks this Court to "determine and declare [Ministerio]'s and [United]'s rights, duties and obligations with respect to the losses, costs or expenses incurred as the result of the subject loss under the terms, provisions, conditions and endorsements of the subject policy."

By requesting a declaration "with respect to the losses, costs or expenses incurred as a result of the subject loss," Ministerio is effectively seeking a judgment concerning the amount of damages—relief already fully accessible to Ministerio under its breach of contract claim. *See Berkower v. USAA Cas. Ins.*, No. 15-23947, 2016 U.S. Dist. LEXIS 118223, at *13-14 (S.D. Fla. Sept. 1, 2016) (dismissing similar declaratory relief claim as duplicative of breach of contract claim). A determination of the breach of contract claim involves the same actual dispute as the declaratory relief claim, namely, to what extent the water damage is covered by the insurance policy. In other words, Ministerio will be able to secure full, adequate and complete relief through the breach of contract claim. "A petition seeking a declaratory judgment that alleges breach of duties and obligations under the terms of a contract and asks the court to declare those terms breached is nothing more than a petition claiming breach of contract." *Eisenberg*, 2009 U.S. Dist. LEXIS 99663, at *6. Therefore, Ministerio's declaratory action should be dismissed.[3]

---

[3] Because this Court declines to exercise jurisdiction over Ministerio's declaratory relief claim, it need not reach United's alternative arguments. However, this Court notes that "the mere fact that [a plaintiff] does not identify particular contractual language indicating an ambiguity does not cause [its] request for declaratory judgment to fail to state a claim for relief." *See Berkower*, 2016 U.S. Dist. LEXIS 118223, at *13.

## IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that United's Motion to Dismiss Count 3 is **GRANTED**. This Court exercises its discretion to dismiss Ministerio's claim for declaratory relief. The rights and legal relations of the parties are being adjudicated through the breach of contract claim, which will resolve all the disputed issues before this Court. Therefore, declaratory relief is unlikely to serve a useful purpose. United shall file an answer to the remaining count no later than **April 19, 2017**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th of April 2017.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record